USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __9/13/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARIEL GERMOSEN-VASQUEZ,

                           Plaintiff,

         -against-

COHEN, FRANKEL & RUGGIERO, LLP;
MARK COHEN,

                        Defendants.

---

21-CV-7487 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff, who is currently incarcerated at the Westchester County Jail, brings this *pro se* action under the Court's diversity jurisdiction, asserting a breach of contract claim. By order dated September 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides

the information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the

Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals

Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with

the addresses for Defendants, and deliver all documents necessary to effect service to the U.S.

Marshals Service. The Clerk of Court is further directed to mail a copy of this order to Plaintiff

along with an information package.

SO ORDERED.

Dated:   September 13, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge

2

**DEFENDANTS AND SERVICE ADDRESSES**

1.  Mark Cohen
    Cohen, Frankel, & Ruggiero LLP
    20 Vesey Street, Ste. 1200
    New York, N.Y. 10007

2.  Cohen, Frankel, & Ruggiero LLP
    20 Vesey Street, Ste. 1200
    New York, N.Y. 10007