```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ARIEL GERMOSEN-VASQUEZ

                        Plaintiff,

        -against-

COHEN, FRANKEL, AND RUGGIERO, LLP,
and MARK COHEN

                        Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2022____
```

21 Civ. 7487 (AT) (SDA)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Ariel Germosen-Vasquez, brings this action seeking to recover fees paid to his former counsel in connection with a prior criminal proceeding in which that attorney represented him. *See generally* Compl., ECF No. 2. On December 13, 2021, Defendants moved to dismiss the complaint, contending that this Court lacked subject-matter jurisdiction over Plaintiff's claim. Def. Mot., ECF No. 11. On December 14, 2021, this Court referred the motion to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 16.

Before the Court is Judge Aaron's Report and Recommendation (the "R&R"), dated March 10, 2022, which concluded that the Court lacks jurisdiction, and recommended that Defendant's motion to dismiss be granted and the complaint be dismissed without prejudice. R&R, ECF No. 25. Plaintiff timely filed objections to the R&R. Pl. Mem., ECF No. 28. For the reasons stated below, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 1–3, and, does not summarize them here.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). And, the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.   Plaintiff's Objections

Plaintiff does not object to Judge Aaron's finding that the Court lacks subject-matter jurisdiction over this action, either by way of diversity of citizenship or through federal question jurisdiction. *See* R&R at 4–5. Plaintiff objects only to Judge Aaron's recommendation that the

Court should decline to exercise ancillary jurisdiction in this matter. *See generally* Pl. Mem. A district court may, in its discretion, exercise ancillary jurisdiction over an attorney's fee dispute arising out of a federal criminal case before it, *see Levitt v. Brooks*, 669 F.3d 100, 103–04 (2d Cir. 2012). In making such a determination, courts consider the following factors: "(1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court . . . ; (3) the convenience of the parties; and (4) judicial economy." *See id.* at 104. Judge Aaron concluded that none of these factors weighed in favor of ancillary jurisdiction. R&R at 6.

As to the first factor, Plaintiff does not dispute this Court's lack of familiarity with the legal work done by Defendants, but he argues that judges in this district would be more familiar with Plaintiff's federal criminal case than a state court judge. Pl. Mem. at 1. The Court reviews this specific objection *de novo*. It is undisputed that the majority of Defendants' legal work in this matter took place before Plaintiff first appeared before the district court, because Defendants were relieved of their representation during Plaintiff's arraignment. Compl. ¶ 6; *see also* No. 21 Cr. 115, Dkt. Entry 3/8/2021. This Court, accordingly, lacks any familiarity with "the amount and quality of the work performed by [Defendants] on [Plaintiff's] behalf . . . . As such, this factor unequivocally weights against exercising ancillary jurisdiction over the [p]arties' fee dispute." *Gov't Employees Ins. Co. v. Grinberg*, No. 12 Civ. 2448, 2016 WL 11395004, at *5 (E.D.N.Y. Mar. 2, 2016), *report and recommendation adopted*, 2016 WL 1171587 (E.D.N.Y. Mar. 24, 2016).

In addressing the second factor, Plaintiff does not dispute the Court's obligation to protect officers of the court, including Defendant Mark Cohen, but states that the Court has an obligation to "protect the rights of all parties in all matters" and avoid prejudicing his interests. Pl. Mem. at

1–2. This amounts to a general, conclusory objection, and the Court accordingly reviews that portion of the R&R for clear error only. Judge Aaron concluded that, because Cohen seeks to have this case dismissed, exercising ancillary jurisdiction "would not serve to protect" his interests. R&R at 6. The Court finds no clear error in this conclusion. *See also Grinberg*, 2016 WL 11395004, at *5.

Third, as to the convenience of the parties, Plaintiff disputes Judge Aaron's finding that this Court is no more convenient for the parties than a New York state court, because he has already made filings in this action and been granted *in forma pauperis* status, allowing him to proceed without the requisite filing fees. Pl. Mem. at 2. And finally, Plaintiff takes issue with Judge Aaron's conclusion that judicial economy would not be served by an exercise of jurisdiction because Plaintiff's criminal proceeding is "nearing conclusion," on the ground that this finding unfairly penalizes him for timely entering a guilty plea. Pl. Mem. at 2; R&R at 6.

Even if the Court were to employ *de novo* review of these objections, these arguments are unavailing. First, although the Court is sympathetic to the difficulties of litigating while incarcerated, the state court system, like its federal counterpart, provides alternative options to litigants of limited means, including an arbitration and mediation program meant specifically to resolve attorney-client fee disputes like this one.[2] This case is in an extremely early stage, and Plaintiff cannot, therefore, be said to be prejudiced by needing to refile this case in the correct forum. Second, the fact remains that because Plaintiff's criminal proceeding is largely complete, and the bulk of the work undertaken by Defendants on his behalf took place before his arraignment, any decisionmaker would need to "consider the record of the criminal matter anew

---

[2] *See, e.g.*, *Fee Dispute Resolution Program*, New York State Unified Courts (last visited June 14, 2022) https://ww2.nycourts.gov/rules/chiefadmin/137.shtml.

just as this Court would need to do if ancillary jurisdiction were to be exercised." *Grinberg*, 2016 WL 11395004, at *5.  Judicial economy is not served, therefore, by the Court's retention of jurisdiction in this matter.

Accordingly, Plaintiff's objections lack merit and are OVERRULED.  The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.  Accordingly, the Court ADOPTS the R&R in its entirety.  Defendants' motion to dismiss the complaint is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice to renewal in state court.[3]

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in its entirety.  Defendants' motion to dismiss the complaint is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice.  The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*, terminate all pending motions, and close the case.

SO ORDERED.

Dated:  June 22, 2022
            New York, New York

ANALISA TORRES
United States District Judge

---

[3] Because the Court finds it lacks jurisdiction over this action, it declines to reach the merits and address that portion of Defendants' motion seeking to dismiss this case for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016)